UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

**PAYDAY SOLUTIONS, LLC,**
A Florida limited liability company,

 Plaintiff,

v.

**JTL STAFFING AND PAYROLL,
LLC,** an Alabama limited liability company,
**CARLA LOWDELL,** individually, &
**JAMES LOWDELL,** individually,

 Defendants.
_____/

**COMPLAINT**

Plaintiff PayDay Solutions, LLC ("PayDay") sues Defendant, JTL Staffing and Payroll, LLC ("JTL"), and alleges:

**INTRODUCTION**

This action arises from JTL's breach of a written agreement between the parties memorialized in the Memorandum of Understanding ("MOU") whereby JTL would assist PayDay in providing payroll, staffing, marketing, financing, software, and administrative services to PayDay's list of protected customers ("Protected Customers") in exchange for an agreed upon fee. JTL understood and agreed that it was PayDay's non-exclusive, authorized service provider and would be an independent contractor for the services it provided. JTL's breach of the MOU has caused at least $1,000,000.00 in damages. However, JTL refuses to provide PayDay with access to its books and records so PayDay can audit them and determine the full extent of the amounts owed.

## PARTIES

1. PayDay is a limited liability company organized under the laws of Florida with its principle place of business at 1496 Park Avenue, Orange Park, FL 32073.

2. JTL is an Alabama limited liability company with its principal place of business located at 125 Electronics Blvd., Ste. J, Huntsville, AL 35824.

3. Carla Lowdell, is a principle and shareholder of JTL, resides at 340 James K Taylor Ln, Meridianville, AL 35759, and is otherwise *sui juris*.

4. James Lowdell is a principle and shareholder of JTL, resides at 340 James K Taylor Ln, Meridianville, AL 35759, and is otherwise *sui juris*.

## JURISDICTION & VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Additionally, the Court has personal and subject matter jurisdiction over this matter because JTL irrevocably submitted itself to the jurisdiction of any state or federal court sitting in the State of Florida in any action or proceeding brought to enforce or otherwise arising out of relating to the MOU.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims occurred in Fort Lauderdale, Florida.

## GENERAL ALLEGATIONS

8. PayDay is a consulting entity and broker for business services such as Human Resources, Payroll, Benefits, Human Capital Solutions, and others. PayDay functioned as a broker who matched clients with vendors who provided solutions for business challenges like staffing and Payday was responsible for maintaining an accurate accounting and rendering regular reports to PayDay with sufficient information regarding the transactions.

9. On or about October 28, 2019, PayDay and JTL executed the MOU, which governed the parties' relationship and set forth each of the party's rights, responsibilities, duties, and covenants.

10. More specifically, JTL's obligations were itemized in Section 4, which states in part:

> <u>Obligations of JTL</u>. In addition to the Services, JTL agrees to also perform the following:
> …
> b. Provide PayDay with a management report delivered via email no later than close of business Thursday of each week with the net remittance amount that will be sent as a wire on the following business day. The management report shall contain detail and information reasonably acceptable to PayDay.
>
> c. To securely store and maintain, in compliance with all local and federal laws, any data, payroll records, information related to the Protected Customers, and all other books and records related to the Arrangement. JTL shall properly maintain the stored information and material so that it can be provided, upon demand to PayDay without unreasonable delay.
> …
>
> e. Provide PayDay, or its designees, with full administrative access to the tempworks software (or any other software JTL uses) used to provide Services to Protected Customers.
> …

Ex. A § 4.

11. Section 6 of the MOU also provides that "JTL shall pay to PayDay the gross revenues from the Services provided to the Protected Customers during the Term;"

12. Section 11 of the MOU provides PayDay with the "right to inspect the books and records of JTL at PayDay's sole cost and expense), upon reasonable prior notice and solely for purposes reasonably related to the determination of the gross revenues, expenses, costs, and Services for Protected Customers. JTL shall provide PayDay and its representatives full access to any material, documents or otherwise relating to its business as is reasonably necessary for PayDay to audit the (i) services provided to the Protected Customers, (ii) the compensation and costs related to the Protected Customers; and (ii) to make a determination of the suitability of the Arrangement."

13. In 2020, during the pandemic, JTL applied for, and received, 2 PPP loans utilizing PayDay's data and personnel, which made up approximately 50% of the amounts used to receive a PPP loan in the amount of $2,000,000.00, which directly affected the calculation of gross revenue and the corresponding amounts due and owing to PayDay under the terms of the MOU.

14. JTL acknowledged that a Pay Day was entitled to its respective portion of the PPP funds. However, JTL stated that it wanted to wait until after the PPP loans were forgiven before making the appropriate distribution to PayDay.

15. Late in 2020, PayDay discovered the PPP loans were 100% forgiven, and that JTL had concealed the fact that the PPP loans had been forgiven in an attempt to avoid paying PayDay the appropriate amounts due and owing.

16. Immediately after discovering that JTL had concealed the fact that the PPP loans were forgiven, PayDay immediately confronted JTL and requested its portion.

17. JTL refused to tender any funds due and owing as a result of the MOU and the PPP loans.

18. PayDay terminated its relationship with JTL and made several demands via e-mail, UPS, and certified mail to JTL to allow PayDay to conduct an audit as permitted under the MOU.

19. JTL has failed to respond or otherwise provided PayDay with access to its books.

20. Upon information and belief, Defendant James and Carla Lowdell have been comingling personal assets with corporate assets and

21. All conditions precedent to the filing and maintain of this action have been performed, waived, or excused.

22. PayDay has hired the undersigned attorneys to represent it in this matter, is obligated to pay them a reasonable fee for its services and is entitled to recover same under the MOU.

**COUNT I – BREACH OF CONTRACT JTL STAFFING AND PAYROLL, LLC**

23. PayDay readopts and realleges paragraphs 1 through 22 as if specifically set forth herein verbatim.

24. Pursuant to § 6 of the MOU, PayDay is entitled to gross revenue, less the specified itemized deductions set forth therein.

25. The PPP funds satisfied most if not all payroll expenses and deductions identified in §6 of the MOU. Moreover, the PPP loans clearly affected the revenue calculations, which directly correlates to the amounts due and owing to Pay Day.

26. JTL materially breached the MOU by failing to properly account for properly account for the PPP loans when it remitted the gross income to PayDay, instead JTL fraudulently chose to retain the benefit of the PPP loans for itself.

27. JTL also materially breached the MOU by refusing to allow PayDay access to its records and conduct an audit to determine the full extent of its damages, despite PayDay's demands.

28. As a result of the foregoing breaches of the MOU by JTL, PayDay has been damaged, an amount which exceeds $1,000,000.

WHEREFORE, PayDay demands judgment against JTL for damages, interest, court costs, contractual attorney's fees and costs pursuant to Section 16 of the MOU, plus all other relief this Honorable Court deems necessary and just.

### COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST JTL

29. PayDay readopts and realleges paragraphs 1 through 22 as set forth herein.

30. Pursuant to the MOU, PayDay was required to:

   a. Provide PayDay with a management report delivered via email no later than close of business Thursday of each week with the net remittance amount and contains sufficient detail and information reasonably acceptable to PayDay;

   b. To securely store and maintain any data, payroll records, information related to the Protected Customers, and all other books and records related to the Arrangement. JTL shall properly maintain the stored information and material so that it can be provided, upon demand to PayDay without unreasonable delay;

   c. Afford PayDay's the right to inspect the books and records of JTL, upon reasonable prior notice and solely for purposes reasonably related to the determination of the gross revenues, expenses, costs, and Services for Protected Customers, and provide PayDay and its representatives full access to any material, documents or otherwise relating to its business as is reasonably necessary for PayDay to audit the (i)

       services provided to the Protected Customers, (ii) the compensation and costs related to the Protected Customers; and (ii) to make a determination of the suitability of the Arrangement; and

    d. To calculate and tender the appropriate amounts due and owing to PayDay with consideration to the PPP loans received by JTL.

31. JTL had a duty to act in good faith and deal faith with PayDay in the performance of its duties and obligations under the MOU.

32. JTL materially breached the MOU by failing to comply with each foregoing obligation, which includes but is not limited to JTL's failure to properly account for the PPP funds when remitting the gross income to PayDay.

33. JTL breached the implied covenant of good faith and fair dealing by not distributing to PayDay all monies to which it was entitled.

34. As a result of the foregoing breaches of good faith and fair dealing, PayDay has been damaged in an amount that exceeds $1,000,000.

WHEREFORE, PayDay demands judgment against JTL for damages, interest, court costs, contractual attorney's fees, for punitive damages, and costs, plus all other relief this Honorable Court deems necessary and just.

**COUNT III BREACH OF FIDUCIARY DUTY AGAINST JTL**

35. PayDay readopts and realleges paragraphs 1 through 22 as if specifically set forth herein.

36. Payday reposed their trust and confidence in JTL, because JTL had a duty to properly account for fees and costs for the benefit of PayDay, thus a fiduciary relationship existed between the Parties.

37. JTL breached their fiduciary duty by failing to deal with PayDay in utmost good faith and in PayDay's best interests as a result of:

   a. JTL's failure to create and provide Payday with timely and accurate accounting statement;

   b. JTL's failure to account for account for all sources of revenue when calculating gross revenue amounts due and owing to Payday;

   c. JTL's failure to remit the appropriate amount of funds to PayDay; and

   d. JTL's failure to provide access to all records maintained by JTL in order to prevent PayDay from calculating the appropriate amounts due and owing to PayDay, and to determine whether JTL was fraudulently concealing the appropriate income and expenses from PayDay.

38. Based on the foregoing, PayDay has been damaged and has suffered losses as a direct result of JTL's numerous and repeated breaches of duties owed to PayDay and has caused PayDay a loss in profits.

WHEREFORE, PayDay demands judgment against JTL for breach of their fiduciary duties, for any and all damages available to PayDay, plus interest, costs, and reasonable attorney's fees, for punitive damages, plus any and all other relief this Honorable Court deems necessary and just.

**COUNT IV PERSONAL LIABILITY AGAINST CARLA LOWDELL AND JAMES CARLA LOWDELL**

39. PayDay readopts and realleges paragraphs 1 through 22 as if specifically set forth herein.

40. Carla Lowdell and James Lowdell dominated and controlled JTL to such an extent that JTL's independent existence, was in fact non-existent and they were in fact alter egos of the corporation because Carla Lowdell and James Lowdell comingled their personal finances with JTL's finances.

41. Carla Lowdell and James Lowdell utilized JTL for a fraudulent or an improper purpose by concealing income attributable to PayDay and utilizing that income for personal expenses and to purchase personal property for Carla Lowdell and James Lowdell.

42. Carla Lowdell and James Lowdell's foregoing fraudulent or improper uses of JTL caused PayDay to be damaged.

WHEREFORE, PayDay demands judgment against Carla Lowdell and James Lowdell, personally, for any and all damages available to PayDay, plus interest, costs, and reasonable attorney's fees, for punitive damages, plus any and all other relief this Honorable Court deems necessary and just.

## COUNT V – UNJUST ENRICHMENT

43. PayDay readopts and realleges paragraphs 1 through 22 as if specifically set forth herein.

44. PayDay is entitled to the portion of the funds attributable to PayDay under the PPP applications.

45. The PPP funds were designated to assist business in meeting its payroll expenses and deductions. These expenses and deductions are the same deductions JTL deducts for its payroll and expenses for providing the services to the Protected Customers. Therefore, the PPP loans JTL received satisfied these expenses, and all income realized from the Services JTL provided was payable directly to PayDay.

46. PayDay conferred a benefit to JTL by engaging it to service the Protected Customers, and allowing JTL to use PayDay's data to obtain the PPP loans.

47. JTL knew PayDay had conferred this benefit because it serviced the Protected Customers and utilized PayDay's data to obtain the PPP loans.

48. JTL voluntarily accepted these benefits and retains the benefits conferred because it refuses to distribute the full amount of gross income PayDay is owed.

49. Under these circumstances, it would be inequitable for JTL to retain the benefits without paying the value of the full amount of gross income to PayDay.

50. As a result, PayDay has been damaged.

WHEREFORE, PayDay demands judgment against JTL for damages, interest, court costs, plus all other relief this Honorable Court deems necessary and just.

/s/ Adam M. Ludwin
Adam M. Ludwin, Esq.
FL Bar No.: 101742
Ludwin Law Group, P.A.
85 S.E. 4th Avenue, Suite 108
Delray Beach, Florida 33483
Phone: 561-455-4455
Primary Email: Adam@LudwinLaw.com
Secondary Email: Admin@LudwinLaw.com
Tertiary Email: Legal@LudwinLaw.com