# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PAYDAY SOLUTIONS, LLC, a
Florida limited liability company,

    Plaintiff,

v.

Case No. 3:23-cv-828-TJC-LLL

JTL STAFFING AND PAYROLL,
LLC, an Alabama limited liability
company, CARLA LOWDELL,
Individually, JAMES LOWDELL,
Individually, and ELITE
MANAGEMENT SOLUTIONS,
LLC, an Alabama limited liability
company

    Defendants.

## O R D E R

This case is before the Court on Defendant Elite Management Solutions, LLC's Motion to Dismiss Count V of Plaintiff PayDay Solutions LLC's Second Amended Complaint (Doc. 40), to which PayDay has responded in opposition (Doc. 43).[1]

In Count V of the operative complaint, PayDay sues Elite under an alter ego liability theory. (Doc. 37 ¶¶ 50–53). Specifically, PayDay alleges that

---

[1] Plaintiff filed a response in opposition to the motion to dismiss, and subsequently filed an amended response without leave from the Court. (See Docs. 42, 43.)

individual defendants Carla and James Lowdell shuttered their business JTL Staffing and Payroll, LLC, and transferred all assets and sources of income to Elite "in an attempt to . . . conceal income which would otherwise be attributable to" PayDay. (Doc. 37 ¶ 51). PayDay alleges that this Court has personal jurisdiction over Elite because (1) Elite is licensed to perform payroll operations within Florida, and thus has subjected itself to the laws and privileges associated with conducting business in the state and (2) because Elite has intentionally damaged "Plaintiffs who are located within the State of Florida." (Doc. 37 ¶ 8). PayDay also alleges alter ego liability against Elite. (Doc. 37 ¶¶ 50–53). Elite moves to dismiss Count V under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of personal jurisdiction.[2] See generally (Doc. 40).

A federal court in a diversity action may exercise personal jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state. Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890 (11th Cir. 1983) (citing Rubaii v. Lakewood Pipe of Texas, Inc., 695 F.2d 541, 543 (11th Cir. 1983) (other citations omitted)). The personal jurisdiction analysis is a two-step inquiry. Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A., 421 F.3d 1162, 1166 (11th Cir.

---

[2] Moving to dismiss under Rule 12(b)(2) would have been more precise because the Court does have subject matter jurisdiction over the case under 28 U.S.C. § 1332. Elite is contesting personal jurisdiction, and thus the Court conducts its analysis under Rule 12(b)(2).

2

2005). Generally, then, the Court first must determine whether Elite's activities satisfy the Florida long-arm statute, and if so, whether the exercise of jurisdiction comports with constitutional due process requirements. See Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

However, "[t]he alter ego theory of long-arm jurisdiction exists as a limited exception to the general, two-step process for establishing long-arm jurisdiction []." Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2d DCA 1998). "Under the alter ego theory, the complaint only must allege facts sufficient to pierce the corporate veil of the resident corporation." Id. To pierce a corporate veil under Florida law, "a plaintiff is required to prove both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in 'improper conduct.'" Priskie v. Missry, 958 So. 2d 613, 614–15 (Fla. 4th DCA 2007) (citing Seminole Boatyard, Inc. v. Christoph, 715 So.2d 987, 990 (Fla. 4th DCA 1998)).

Here, it is plausibly alleged that Elite is an alter ego of JTL, marked by allegedly comingling funds, having the same customers, having the same principals and business, and operating in the same geographical area. See Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc., No. 5:10-CV-329-TJC-PRL, 2017 WL 11633267, at *3 (M.D. Fla. Feb. 22, 2017) (denying a motion to dismiss for lack of personal jurisdiction in part in a case in which the companies allegedly fraudulently transferred all of its assets to alter ego company to avoid

3

collection, both companies held themselves out to be in the same industry, and both companies had the same people in executive functions). PayDay has also alleged that the Defendants engaged in improper conduct by shuttering JTL and transferring its assets to Elite to avoid liability for creditors' claims. Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1320 (11th Cir. 1998) ("Improper conduct is present only in 'cases in which the corporation was a mere device or sham to accomplish some ulterior purpose . . . or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.'") (quoting Dania Jai–Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1117 (Fla. 1984)).

As the Court must construe all reasonable inferences in favor of the plaintiff, PayDay has sufficiently alleged that Elite is subject to this Court's personal jurisdiction under an alter ego theory.[3]

Accordingly, it is hereby

**ORDERED:**

1. Defendant Elite Management Solutions, LLC's Motion to Dismiss Count V (Doc. 40) is **DENIED without prejudice**.

---

[3] Defendants seem to say that there are two separate Elite companies with the exact same name. (Doc. 40 at 7; Doc. 40-1 ¶ 6). Discovery will establish whether this is so and whether it bears on the jurisdictional issue.

2. Plaintiff PayDay Solutions, LLC's Motion for Extension of Time to File Expert Witness Disclosures (Doc. 44) is **GRANTED**, to the extent that the Court will issue an amended case management and scheduling order extending case deadlines by 90 days.

3. The Joint Motion to Extend Discovery and Trial Deadlines in the Amended Uniform Case Management Report (Doc. 46) is **MOOT**.

**DONE AND ORDERED** in Jacksonville, Florida, the 14th day of April, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Counsel of record

5